# CV 16 - 5340

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**GARAUFIS, J.**

**ORENSTEIN, M.J.**

|   |   |
|---|---|
| SHIVA STEIN, | : |
| Plaintiff, | : |
| - against - | : |
| STANDEX INTERNATIONAL CORPORATION, | : |
| Defendant. | : |

CIVIL ACTION NO: _____

2016 SEP 26  PM 3: 4  FILED

## COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia,* the investigation made by and through her attorneys, except as to those allegations that pertain to the Plaintiff herself, which are alleged upon knowledge, as follows:

### NATURE OF THE ACTION

1.      This is a direct stockholder action under Section 14(a) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78n(a) (the "Exchange Act") for injunctive relief.

2.      Plaintiff, a stockholder in Standex International Corporation ("Standex" or the "Company"), seeks to require the Company to fully disclose that (1) it has not been in compliance with its bylaws since March 2013 when it began improperly increasing the size of the board by appointing new directors without prior stockholder approval; and (2) that the real reason it is seeking to amend its bylaws at its upcoming annual meeting is to attempt to cure its previous noncompliance.

3.      Article III, Section 1 of Standex's bylaws requires that the number of directors on the Board shall be "fixed by the stockholders from time to time." This Section has been part of Standex's bylaws since at least July 27, 1994, which is the earliest date for which such bylaws

are publicly available. Indeed, from at least 1994 to 2010, Standex stockholders were empowered at every Standex annual meeting to set the number of directors on the board. The stockholders last set the number of directors at eight (8) board members in 2010. Since 2010, the Company has stopped requesting that stockholders set the size of the board. But that has not stopped the Company from improperly adding directors to the board without stockholder approval to increase the board's size.

4.      In March 2013, the Company first violated this bylaw provision by improperly increasing the size of the board to nine (9) when it unilaterally appointed Thomas J. Hansen to the board. This appointment was an ultra vires act in conflict with Standex's bylaws. Stockholders were not informed of this appointment until the October 21, 2013 Standex proxy statement, which asked stockholders to vote in favor of Hansen. Stockholders were never informed that he was appointed in violation of the bylaws, and were never asked to increase the size of the board to nine.

5.      In January 2014, the Company again violated its bylaws by improperly increasing the size of the board to ten (10) when it unilaterally appointed President/CEO David A. Dunbar to the board. Stockholders were not informed of this appointment until the September 12, 2014 Standex proxy statement, which asked stockholders to vote in favor of Dunbar. Stockholders were never informed that he was appointed in violation of the bylaws, and were never asked to increase the size of the board to ten.

6.      On September 9, 2016, Standex furnished stockholders with its proxy statement for the upcoming October 27, 2016 annual meeting ("2016 Proxy Statement"). This proxy statement includes five Company proposals. Proposal 4 asks stockholders to amend Article III, Section 1 of Standex's bylaws to allow the board to unilaterally set the size of the board.

2

Remarkably, this proposal does not disclose that the Company has been violating this bylaw for more than three years.  Instead, it couches this amendment as a "housekeeping" change to "simply allow the Board the routine flexibility to most efficiently manage its ranks...."

7.      Plaintiff seeks to require Standex to make a full disclosure of its history of bylaw violations so that Plaintiff and other stockholders can choose to vote "for" or "against" this bylaw amendment with a full understanding of why Standex has violated this bylaw for years and whether it intends to continue violating this bylaw if stockholders choose to vote against the amendment.  Stockholders are entitled to a full disclosure that Standex has already improperly stripped stockholders of their power to set the size of the board without stockholder permission.

8.      Plaintiff also seeks to require Standex to comply with the disclosure rules promulgated by the United States Securities and Exchange Commission ("SEC") under the Exchange Act, including 17 C.F.R. § 240.14a-101 (Item 10(a)(1)) ("Item 10(a)(1)").

9.      Item 10(a)(1) requires:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:

> (a) Plans subject to security holder action.

> (1) Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

10.      Standex has failed to comply with this rule with regard to Proposal 3 in the 2016 Proxy Statement, which seeks stockholder "Approval of Performance Goals under the Amended and Restated 2008 Long Term Incentive Plan."  Standex has failed to provide the information required by Item 10(a)(1) with regard to this plan.  Plaintiff seeks an injunction requiring Standex to provide this information.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act.

12.     In connection with the acts, omissions, conduct, and wrongs alleged herein, defendant used the mails and the means or instrumentalities of interstate commerce.

13.     Venue is proper in this district because as allowed under Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), this district is where the violation at issue in this case occurred because the Plaintiff is a resident of this district.

## PARTIES

14.     Plaintiff is, and has been continuously since June 13, 2014, a holder of Standex common stock.

15.     Standex is a corporation organized under the laws of the State of Delaware.  The Company's last fiscal year ended June 30, 2016.  As of August 29, 2016, it had 12,780,767 shares of common stock outstanding and entitled to vote.  The Company's common stock is traded on the NYSE under the symbol "SXI."  Standex is a manufacturer of a variety of products and services for diverse commercial and industrial markets, including food service equipment, engraving, engineering technologies, electronics and hydraulics.

## WRONGFUL ACTS AND OMISSIONS

16.     17 C.F.R. § 240.14a-9 provides that:

> No solicitation subject to this regulation shall be made by means of any proxy statement ... containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading....

4

17.    A line of precedent dating from the United States Supreme Court in the 19th Century and continuing to today holds that a company's bylaws are a contract between and among the Company, the stockholders, its directors and its officers, and none of these parties is permitted to violate this contract. A stockholder can sue directly to enforce the bylaws.

18.    Article III, Section 1 of Standex's bylaws has not changed since at least July 27, 1994 – the earliest date that such bylaws are still publicly available. The first paragraph of this Section states:

> *The Board of Directors shall be composed* of not less than seven nor more than fifteen directors, *as fixed by the stockholders from time to time*. Notwithstanding anything to the contrary contained in the next paragraph or elsewhere in these By-Laws, no change in the number of directors shall result in the removal of any director prior to the expiration of his term of office or the reduction of his term of office. The directors shall be elected at the Annual Meeting of Stockholders, except as provided in Section 3 of this Article III. Directors need not be stockholders.

19.    This bylaw provision gives stockholders the power to set the number of directors while also forbidding the board from unilaterally adding directors to the board and increasing the size of the board before stockholders vote on such an addition.

20.    In accordance with this bylaw provision, at every Standex annual meeting from at least as far back as 1994 to as recently as 2010, Standex's first proposal at every such meeting was "[t]o *fix the number of directors at* [#] and to elect [#] directors to hold office...." The last time Standex proposed that stockholders "fix the number of directors" was at the 2010 annual meeting, when the stockholders fixed that number at eight (8) board members. The following year, Standex removed this language requesting that stockholders "fix the number of directors" from its 2011 proxy statement, but there was no change to the number of directors. So the bylaws were not violated. The same was true in 2012. But in 2013, Standex violated the bylaws.

21.    On March 20, 2013, without asking stockholders to increase the size of the board, the Standex board of directors voted to elect Thomas J. Hansen to the board, which increased the board's size to nine (9) in violation of the bylaws. In the October 21, 2013 proxy statement, the Company informed stockholders that Hansen had been serving as a board member since March and asked for stockholders to vote for him. The board did not disclose the violation of the bylaws.

22.    Next, on January 20, 2014, the board again improperly increased its size to ten (10) in violation of the bylaws, when it appointed David A. Dunbar – Standex's new President and CEO – to the Board. In the September 12, 2014 proxy statement, the Company informed stockholders that Dunbar had been serving as a board member since January and asked for stockholders to vote for him. The board did not disclose the violation of the bylaws.

23.    Standex has scheduled an annual shareholder meeting for October 27, 2016. It furnished the 2016 Proxy Statement on or about September 9, 2016 to solicit stockholder proxies for five Company proposals.

24.    Proposal 4 demonstrates both that the Company knows it has been violating the bylaws and also that it is attempting to cover up this history of violations by amending the bylaws without informing stockholders that the Company has already de facto stripped stockholders of their power to set the size of the board. This Proposal is an attempt to formalize and legitimize these violations without requiring the Company to explain its past noncompliance.

25.    Proposal 4 is set forth below in its entirety:

**PROPOSAL 4 – APPROVAL OF AN AMENDMENT TO THE BYLAWS OF THE COMPANY TO ALLOW THE BOARD OF DIRECTORS TO FIX THE NUMBER OF DIRECTORS, FROM TIME TO TIME, WITHIN THE EXISTING RANGE OF SEVEN TO FIFTEEN DIRECTORS.**

The Company is asking shareholders to approve an amendment to Article III, Section 1 of the Bylaws of the Company.  In order for this proposal to be approved, the Company's Certificate of Incorporation (which can be accessed under the "Governance" tab at www.standex.com) requires the affirmative vote of eighty percent (80%) of issued and outstanding shares entitled to vote at the Annual Meeting.

The Board of Directors *views the one-word change as an administrative efficiency (in the general nature of "housekeeping")*, which will allow the Board to carry out its duties in a productive and effectual manner.  The full text of the Bylaws can be found at www.standex.com under the "Governance" tab.  The current provision on which shareholders are being asked to vote reads as follows:

"Section 1.  Number and Term of Office.  The Board of Directors shall be composed of not less than seven nor more than fifteen directors, as fixed by the stockholders from time to time."  (emphasis added)

This provision was put into place several decades ago, and no longer represents industry norm and governance practices.

The Company is requesting that shareholders approve the following language, to become effective on the date of the Annual Meeting:

"Section 1.  Number and Term of Office.  The Board of Directors shall be composed of not less than seven nor more than fifteen directors, as fixed by the Board of Directors from time to time."  (emphasis added)

The Company believes that the proposed amended language allows for more efficient management of the Board of Directors, in that the Board will be able to administer the number of directors from time to time within the existing numerical parameters set by the Bylaws.  For decades, the number of directors has been set between seven and fifteen.  Approval of the amendment will not change these limits.  *The effect of the amendment, the Company believes, will simply allow the Board the routine flexibility to most efficiently manage its ranks, to allow the Board to react appropriately to any unanticipated retirements, and to accommodate new directors who may join the Board during a mid-year election cycle, who may offer the Company a particular set of skills and abilities that that Board deems valuable at a given time.*  The proposed language also reflects the current norm in corporate governance practices.

For all of these reasons, the Board unanimously recommends a vote FOR this proposal.

(*Bolding* added by Plaintiff.)

7

26.    This proposed amendment to the bylaws does not mention that the board has been improperly composed since March 2013. It does not mention the violations of the bylaws in March 2013 and January 2014. It calls this change a "housekeeping" matter made for purposes of "efficiency." Without a full understanding of the facts recounted above, Plaintiff and other stockholders are incapable of deciding whether they should enforce this bylaw provision and reassert their power to prevent the board from increases its size without stockholder approval or whether they should grant directors a new power they have already arrogated. The failure to provide this information reflects a violation of 17 C.F.R. § 240.14a-9 because as a result of these omissions the 2016 Proxy Statement is false or misleading.

27.    In addition, SEC regulation 17 C.F.R. § 240.14a-3(a), requires that public companies may not solicit stockholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A."

28.    Item 10(a)(1) of Schedule 14A requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

29.    The fourth proposal of the 2016 Proxy Statement, concerning Approval of Performance Goals under the Amended and Restated 2008 Long Term Incentive Plan, fails to disclose the classes of eligible participants, their approximate number, and the bases of their participation for the Plan. Thus, this proposal does not comply with the SEC regulations.

8

## COUNT I
### (Exchange Act Violations of Proposal 4)

30.     Paragraphs 1 through 29 state a direct claim for relief against the Company under Section 14(a) of the Exchange Act for acting in contravention of the "rules and regulations" prescribed by the SEC.

31.     As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law.  She will suffer irreparable harm in the form of an uninformed vote on the bylaw amendment proposal if no action is taken to ameliorate this harm.

32.     To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides full disclosure of the history of the Company's noncompliance with its bylaws and why the Company believes that stripping stockholders of their power to set the size of the board under the circumstances is mere "housekeeping."

33.     Consequently, Standex should be enjoined from presenting Proposal 4 for a stockholder vote at the October 27, 2016 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Standex stockholder in connection with Proposal 4.

## COUNT II
### (Exchange Act Violations in Proposal 3)

34.     Paragraphs 1 through 29 state a direct claim for relief against the Company under Section 14(a) of the Exchange Act for acting in contravention of the "rules and regulations" prescribed by the SEC.

35.     As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law.  She will suffer irreparable harm in the form of an uninformed vote on the compensation plan proposal if no action is taken to ameliorate this harm.

9

36.    To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) with regard to the Proposal 3.

37.    Consequently, Standex should be enjoined from presenting Proposal 3 for a stockholder vote at the October 27, 2016 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Standex stockholder in connection with Proposal 3.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests the following relief:

A.    A preliminary and permanent injunction, enjoining Standex from

(i) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Standex stockholder in connection with Proposal 4 in the 2016 Proxy Statement before the Company makes a full and timely disclosure that (1) it has not been in compliance with its bylaws since March 2013; and (2) that the real reason it is seeking to amend its bylaws at its upcoming annual meeting is to attempt to cure its previous noncompliance;

(ii) presenting Proposal 4 for a stockholder vote at the October 27, 2016 annual meeting without the full and timely disclosure discussed in paragraph (i) above;

(iii) continuing to violate the bylaws by increasing the size of the board without stockholder approval unless the full and timely disclosure discussed in paragraph (i) above is made and the stockholders vote in favor of Proposal 4;

(iv) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Standex stockholder in connection with Proposal 3 in the 2016 Proxy

Statement before the Company makes a full and timely disclosure in a manner consistent with Item 10(a)(1);

(v) presenting Proposal 3 for a stockholder vote at the October 27, 2016 annual meeting without the full and timely disclosure discussed in paragraph (iv) above;

B.        Awarding such other and further relief as this Court deems just and proper.

Dated:  September 26, 2016

BARRACK, RODOS & BACINE

By:____/s/ A. Arnold Gershon_____
        A. Arnold Gershon
        Michael A. Toomey
        11 Times Square, 640 8th Ave.
        10th Floor
        New York, NY 10036
        Telephone: (212) 688-0782
        Facsimile: (212) 688-0783

        *Attorneys for Shiva Stein*